**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK BURKS, et al., | : | CIVIL ACTION NO. 09-5595 (MLC) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : | |
| RENRE NORTH AMERICA, INC., et al., | : | |
| Defendants. | : | |

**AN ACTION** brought by Daria Loving and Sheila Hughes to recover damages for personal injuries caused by a dog bite against Mark Burks, Toy Burks, and You've Been Charmed Home Daycare ("Insureds") is pending in New Jersey state court ("Tort Action"). (Dkt. entry no. 1, Rmv. Not. at 5 & Compl. at 3.)[1] Stonington Insurance Company ("SIC") allegedly provided coverage to the Insureds. (Dkt. entry no. 13, SIC Ans. at ¶¶ 11, 13, 21-22, 26, 30-32.) The Insureds brought this separate action against SIC in the same state court for a judgment declaring that SIC is obligated to defend and indemnify them in the Tort Action, as SIC has denied coverage ("Declaratory Judgment Action"). (See Compl.) The Declaratory Judgment Action was then removed to this Court.[2]

---

[1] The Westlaw database lists the Tort Action as pending.

[2] The claims asserted against other defendants in the Declaratory Judgment Action have been dismissed. (See dkt. entry no. 15, 3-4-10 Stip.; dkt. entry no. 12, 2-18-10 Stip.) There could be jurisdiction under 28 U.S.C. § 1332, as the plaintiffs are New Jersey citizens and SIC is deemed to be a Texas citizen.

**SIC** could be named in the Tort Action as a defendant, as a third-party defendant, or in some other capacity.  Also, a determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the Tort Action.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues, (2) is restricted to state-law issues and presents no federal question, (3) concerns issues that will be raised in the Tort Action, and (4) could be adjudicated by the same judge overseeing the Tort Action, as both actions were initiated in the same court.  As a result, the Declaratory Judgment Action should be remanded.  See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2-*3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification in underlying state court action); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-*3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter

is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the removed declaratory-judgment action).  The Court is authorized to remand the action here sua sponte.  Del Suppo, 2007 WL 2345287, at *3.

**THE COURT**, in view of the pending Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  It appears that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum".  Id. at 136.  For good cause appearing, the Court will issue an appropriate order and judgment.[3]

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Dated:  April 1, 2010

---

[3] The Court notes that Loving and Hughes should have been named in the Declaratory Judgment Action.  See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all persons having an interest that would be affected by the declaration must be made parties to the proceeding).  Their interests would certainly be affected if the Insureds are found to be liable in the Tort Action, but have no insurance coverage.